COURT OF APPEALS

DECISION

DATED AND FILED

September 17, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP193-CR**

Cir. Ct. No. **2016CM3647**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TAURUS DONNELL RENFRO,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEAN M. KIES, Judge. *Affirmed.*

¶1    KESSLER, J.[1]  Taurus Donnell Renfro appeals a judgment of conviction, following a jury trial, of one count of carrying a concealed weapon.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Renfro also appeals the postconviction order denying his motion to vacate his conviction. We affirm.

## BACKGROUND

¶2 On November 2, 2016, Taurus Donnell Renfro was charged with one count of carrying a concealed weapon. According to the criminal complaint, on the night of October 31, 2016, Milwaukee police conducted a traffic stop of a vehicle with tinted windows. Officer Tiffany Koch asked the passenger, Renfro, if he was carrying a weapon. Renfro responded that he had a firearm in his pants pocket and admitted that he did not have a conceal carry permit (CCW permit).

¶3 The matter proceeded to trial where multiple witnesses testified. Officer Koch testified that she and her partner conducted a traffic stop of the car Renfro was in. Officer Koch stated that the stop was conduced in a high-crime area. Officer Koch stated that she approached the passenger side of the vehicle and asked Renfro for his identification and whether he had a CCW permit. Officer Koch then asked Renfro whether he was in possession of a weapon. Renfro responded, "I am not going to lie; I've got my gun on me." Officer Koch stated that she did not observe a gun in the car or on Renfro's person, but once she alerted her partner that a firearm was in the vehicle, her partner was able to retrieve the weapon.

¶4 Sergeant Lucas McAleer testified that he was on patrol with Officer Koch the night of the traffic stop. Sergeant McAleer testified that after speaking with the driver of the vehicle, Keith Brown, Officer Koch signaled "that there was something in the car." Sergeant McAleer then asked Renfro if there was anything "illegal" in the car. Renfro responded that he had a gun in his pants pocket. Sergeant McAleer testified that the gun was not in a holster and "was positioned

2

so the grip of the gun was to the right, and the top or the slide of the gun was to his groin area." The gun was loaded.

¶5 Brown testified that the night of the traffic stop, he was driving Renfro from Renfro's home to Renfro's parents' home because Renfro was in the process of moving. Brown described Renfro's neighborhood as "high crime." Brown stated that he was not "really" aware that Renfro had a gun on him.

¶6 Renfro testified that on the night of the traffic stop, he was moving from his home to his parents' home and Brown was driving him. Renfro testified that he had a gun on his person, but claimed it was attached to his belt. Renfro stated that he was carrying a gun because he was living in an unsafe neighborhood and his young child had recently witnessed a shooting in the neighborhood. Renfro admitted that the gun was not visible inside the car, but stated that when he stood up and exited the gun would have been visible to officers.

¶7 The jury found Renfro guilty as charged. The trial court sentenced Renfro to four days—time served—in the House of Correction. Renfro filed a motion for postconviction relief seeking to vacate his conviction. Renfro argued that pursuant to *State v. Hamdan*, 2003 WI 113, 264 Wis. 2d 433, 665 N.W.2d 785, it was "unreasonable for the State to impair [his] constitutional right to bear arms by punishing him for carrying a concealed weapon." Renfro argued that under the *Hamdan* test,

> the facts adduced at trial showed that: (1) he was exercising the constitutional right to keep and bear arms (Wis. Const., Article I, Section 23) under circumstances in which the need to do so was substantial, as he was moving the firearm which he had purchased for home security purposes from his old home, which was located in a high-crime area and which had been next door to a recently-committed violent crime; (2) the temporarily concealed state of the firearm on his person, while he was seated in

[Brown's] vehicle, was the only reasonable means under the circumstances to exercise that right and to move his firearm from his old residence to the new one; and (3) no unlawful purpose motivated his temporary concealment of the firearm.

¶8    The postconviction court denied the motion, finding that Renfro failed to establish an as-applied constitutional violation pursuant to *Hamdan*. This appeal follows.

## DISCUSSION

¶9    Renfro argues that under *Hamdan* and the Wisconsin Constitution, WIS. STAT. § 941.23 is unconstitutional as applied to him because article I, section 25 of the Wisconsin Constitution specifically states: "The people have the right to keep and bear arms for security, defense, hunting, recreation or any other lawful purpose."

¶10    Under the test established in *Hamdan*, to sustain an as applied challenge to WIS. STAT. § 941.23, a defendant must show that: (1) the defendant's need to conceal the weapon substantially outweighed the State's interest in enforcing the concealed weapons statute, and (2) the defendant lacked any other reasonable alternative to concealment, under the circumstances, to exercise his or her constitutional right to bear arms. *Hamdan*, 264 Wis. 2d 433, ¶86.

¶11    In granting Hamdan's "as applied" challenge, our supreme court used a reasonableness balancing test and concluded that Hamdan's right to possess a weapon—concealed in his pocket, in his place of business, to protect his business—substantially outweighed the State's interest in enforcing the concealed weapons statute. *Id.*, ¶81. The court concluded that a person's interest in the right to bear arms for security purposes is at its highest "when undertaken to secure

one's home or privately owned business." ***Id.***, ¶67. Conversely, "the [S]tate's interest will generally be strong when a concealed weapon is being carried in a vehicle." ***State v. Fisher***, 2006 WI 44, ¶27, 290 Wis. 2d 121, 714 N.W.2d 495. In ***Fisher***, the supreme court explained:

> [O]nly in extraordinary circumstances will an individual carrying a concealed weapon in a vehicle be able to demonstrate that his or her interest in the right to keep and bear arms for security substantially outweighs the [S]tate's interest in prohibiting that individual from carrying a concealed weapon in his or her motor vehicle. If a defendant reasonably believes that he or she is actually confronted with a threat of bodily harm or death and that carrying a concealed weapon is necessary for protection from the threat, extraordinary circumstances would be present. Absent such circumstances, an individual carrying a concealed weapon in a vehicle will generally be unable to demonstrate that his or her interest in the right to keep and bear arms for security substantially outweighs the [S]tate's interest in prohibiting that individual from carrying a concealed weapon in a motor vehicle.

***Id.***, ¶32. Applying this holding to the facts of this case, in order to establish an as applied constitutional violation, Renfro must demonstrate "extraordinary circumstances" justifying carrying a concealed weapon in the vehicle. *See **id.*** This means that Renfro must show that he reasonably believed that he was actually confronted with the threat of great bodily harm or death and that carrying a concealed weapon was necessary for his protection. *See **id.*** We agree with the State that Renfro has not met this burden.

¶12 The gist of Renfro's argument is that he was moving out of a high-crime neighborhood and was transporting the firearm "from one constitutionally-protected site (his old home) to another constitutionally-protected site (his new residence)." Renfro points to no case law to support his contention that transporting a firearm between homes requires the same level of constitutional

protection as keeping a firearm in the home. The supreme court's conclusion in *Hamdan*—that a person's interest in the right to bear arms for security purposes is at its highest "when undertaken to secure one's home or privately owned business"—was based on the facts that Hamdan's place of business had been subject to multiple robberies, that it was the site of a previous homicide, and that Hamdan himself had been victimized at his place of business. *Id.*, 264 Wis. 2d 433, ¶82.

¶13     Renfro likens the facts of his case to the facts of *Hamdan* based on what he describes as "a fact of critical importance"—that his "family had recently been exposed to a shooting in the front yard next door to the home which they were then leaving." The shooting incident took place months before Renfro's arrest. Renfro does not explain how this "fact of critical importance" reflects an imminent danger requiring Renfro to carry a concealed weapon on the night of his arrest. Renfro did not testify about any other incidents or threats to his safety in the time period between the shooting incident and his arrest. Nor did Renfro offer an explanation as to why the firearm was concealed. Indeed, trial testimony establishes that the firearm was not only concealed, but improperly holstered. The facts of this case do not support Renfro's contention that his need to carry a concealed weapon outweighed the State's interest in regulating the concealment of firearms in vehicles. *See Fisher*, 290 Wis. 2d 121, ¶32.

¶14     For the foregoing reasons, we affirm the judgment and order of the circuit court.

> *By the Court.*—Judgment and order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.